Royster v City of New York
2026 NY Slip Op 03516
June 4, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Frederick Royster, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.

Decided and Entered: June 04, 2026
Index No. 26001/16|Appeal No. 6811-6812|Case No. 2025-02887, 2025-02703|
Before: Scarpulla, J.P., Shulman, Higgitt, O'neill Levy, Chan, JJ.

Stewart L. Orden, Scarsdale, for appellant.
Steven Banks, Corporation Counsel, New York (Diana Lawless of counsel), for respondents.

[*1]
Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about April 11, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, and denied plaintiff's cross-motion to strike defendants' affirmative defense based on Vehicle and Traffic Law § 1104, unanimously affirmed, without costs. Order, same court, Justice, entered on or about April 11, 2025, which denied as moot plaintiff's motion for a declaratory judgment that plaintiff is not precluded from soliciting testimony from a particular nonparty witness, or, in the alternative, vacating the note of issue and certificate of readiness, unanimously affirmed, without costs.
The court properly declined to dismiss the affirmative defense asserting that, because the police car that pursued plaintiff's motorcycle, causing it to run off the road, was an authorized emergency vehicle involved in an emergency operation, it was permitted to disregard regulations governing the direction of movement or turning in specified directions (see Vehicle and Traffic Law §1104[b][4]; Granath v Monroe County, — NY3d —, —, 2026 NY Slip Op 01586, *3 [2026]). Plaintiff's argument that defendants waived the emergency operation affirmative defense by never pleading that they were engaged in an emergency operation is meritless; the pleading sufficiently invoked the statute.
Further, defendants met their prima facie burden that they were entitled to invoke the affirmative defense by demonstrating that the police officers were engaged in an emergency operation within the meaning of Vehicle and Traffic Law § 1104 by pursuing plaintiff, who was riding a motorcycle, which the officers believed to be a "dirt bike" without a helmet and onto a pedestrian walkway. Even if, as plaintiff asserts, the lights and siren on the patrol car were not in use, the statutory privilege applied (see Vehicle and Traffic Law § 1104 [c]; Seo v City of New York, 226 AD3d 413, 414 [1st Dept 2024]).
In opposition, plaintiff presented no evidence that raised an issue of fact to show that by their actions defendants displayed "conscious indifference to the outcome" (Granath, — NY3d at —, 2026 NY Slip Op 01586 at *3). By all accounts, the patrol car was proceeding slowly on the pedestrian walkway and was about two car lengths from plaintiff's motorcycle when plaintiff lost control of it on the grass and fell. Further, defendants' conduct was not a proximate cause of the accident because plaintiff could have pulled over at any time (see Schieren v State of New York, 281 AD2d 828, 831-832 [3d Dept 2001]).
[*2]
Plaintiff's argument that the court should have ruled on his declaratory judgment motion rather than denying the motion as moot is unavailing. In disposing of the motion, the court considered and referred to the affidavit of the witness that was the subject of the motion. The court then stated that, had it considered the witness's statements, the outcome would be the same. The testimony at issue corroborated plaintiff's account, which the court accepted as true for the purposes of defendants' summary judgment motion, and which the court found failed to raise a triable issue of fact.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2026